KENNEDY, Justice.
This is an appeal from a summary judgment entered in favor of the defendants. We affirm.
The two issues in this case involve a family partnership agreement. The first issue is whether Dan Currie’s estate is entitled to 60% of the life insurance proceeds paid to the family partnership as beneficiary. The second issue is whether Floyd Currie’s estate owes Dan Currie’s estate for money allegedly taken from the partnership for Floyd Currie’s personal use.
Dan A. Currie and J. Floyd Currie, brothers, jointly owned and operated a feed, seed, and milling grain elevator business in Atmore, Alabama. A written general partnership agreement was signed on September 15, 1980, which provided that the profits and losses of the business were to be apportioned 60% to Dan and 40% to Floyd.
Dan died on July 5, 1983. His wife, Willie Mae Currie, was named as executrix of his estate. At the time of his death, the partnership was heavily indebted to the United Bank of Atmore. Floyd closed the business and liquidated as many assets as possible in order to pay the debts. Floyd died in 1987. At the time of Floyd’s death, the partnership still owed $44,448.53 to the bank.
Willie Mae filed a claim in probate court against Floyd’s estate, alleging that Dan’s estate was entitled to 60% of the proceeds of certain life insurance policies that had designated the partnership as the beneficiary. Willie Mae also argued that checks made payable to “cash” and drawn on the partnership account should be charged to Floyd personally and not to the partnership. The total amount Willie Mae Currie claimed on behalf of Dan’s estate was $51,-596.00.
After a hearing, the probate judge denied the claim. Willie Mae appealed to the circuit court, which denied her motion for summary judgment and entered a summary judgment for Floyd's estate. Willie Mae appealed.
Once a party moving for summary judgment presents a prima facie case showing that no genuine issue of material fact exists and that the movant is entitled to a judgment as a matter of law, the burden shifts to the nonmoving party to prove by substantial evidence the existence of a genuine issue of material fact. See Rule 56; Ala.Code 1975, § 12-21-12. In reviewing a summary judgment, the court examines the facts in a light most favorable to the non-moving party. Folmar v. Montgomery Fair Co., 293 Ala. 686, 309 So.2d 818 (1975).
*1329 Four insurance policies on Dan’s life are at issue in this case. The partnership paid the premiums on two of the policies and was named as beneficiary. Two other life insurance policies, owned by Dan, also named the partnership as beneficiary. Upon Dan’s death, all proceeds of all four policies were used to pay partnership debts.
Pursuant to the partnership agreement, Dan was liable for 60% of the debt incurred by the family partnership. A partnership debt is the obligation of the partners. Brown v. Bateh, 295 Ala. 501, 331 So.2d 671 (1976). The partnership received the proceeds from the policies. The partnership then used those proceeds to pay the debts of the partnership. Creditors of the partnership have the right to have their demands satisfied out of partnership property. Brown, Clearly, Dan’s estate was not entitled to any of the insurance proceeds.
Willie Mae also alleged that Floyd had used money from the partnership account for personal use. She was suspicious of checks drawn on the partnership account and made payable to “cash.” The bookkeeper and the accountant for the partnership both testified that occasionally farmers would sell soybeans to the partnership and request a cash payment. The accountant testified that he verified “cash” payments against a bill of lading and never found any evidence of impropriety. Willie Mae presented no evidence suggesting that Floyd had taken the money for his personal use. Therefore, Willie Mae has not presented “substantial evidence” to rebut the defendant’s prima facie showing that there was no genuine issue of material fact.
The circuit court properly entered the summary judgment. We affirm.
AFFIRMED.
HORNSBY, C.J., and JONES, SHORES and HOUSTON, JJ., concur.